**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., | No. CV-08-2187-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| Alma Rodriguez De Sanchez, individually and d/b/a El Tejano Night Club; and El Tejano, LLC, d/b/a El Tejano Night Club, | |
| Defendants. | |

J & J Sports Productions, Inc. ("J & J") obtains licenses to distribute pay-per-view programming to various commercial establishments, including hotels, racetracks, casinos, bars, and restaurants. J & J contracted for the exclusive right to distribute the closed-circuit telecast of a December 1, 2007 boxing match between Julio Cesar Chavez, Jr. and Ray Sanchez and related undercard bouts (the "program"). Pursuant to various sublicense agreements, J & J granted certain Arizona establishments the right to show the program to their customers.

On November 28, 2008, J & J filed a complaint against El Tejano, LLC, an Arizona limited liability company, and Alma Rodriguez, a member and agent of the company. Dkt. #1. J & J alleges that Defendants own and operate the El Tejano Night Club located in Phoenix, Arizona. *Id.* ¶¶ 7-8. J & J further alleges that Defendants unlawfully intercepted the transmission of the program and, without authorization, displayed it to patrons of El Tejano Night Club. *Id.* ¶ 13. The complaint asserts violations of the Federal

Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 ("FCA" or the "Act"), and a common law conversion claim. *Id.* ¶¶ 9-26. J & J seeks statutory damages totaling $150,000, compensatory damages in an amount to be proven, and an award of attorney fees and costs. *Id.* at 7-8.

Defendants were served with process on June 17, 2009. Dkt. ##16-17. They have failed to answer or otherwise respond to the complaint. The Clerk entered their default on July 21, 2009. Dkt. #20.

J & J has filed a motion for default judgment. Dkt. #21. No response has been filed. For reasons that follow, the Court will grant the motion in part.

Because Defendants' default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. ##17-20), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include the possibility of prejudice to J & J, the sufficiency of the complaint and the merits of the claims, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered J & J's supporting memorandum (Dkt. #21-1) and the relevant *Eitel* factors, and having reviewed the well-pled factual allegations of the complaint and the affidavit of counsel (Dkt. #21-2) and affidavit of investigator (Dkt. #21-3), the Court finds that default judgment is appropriate. *See, e.g.*, *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179 (D. Colo. 2008) (granting default judgment on FCA and conversion claims where the defendant restaurant owners allegedly broadcast pay-per-view boxing match without authorization). J & J requests judgment in the total amount of $101,000: $50,000 on the claim under section 553 of the Act, $50,000 on the claim under section 605, and $1,000 on the conversion claim. Dkt. #21-2 at 2, ¶ 7. The Court will not award damages under both section 553 and section 605, nor will it award the substantial amount of damages

sought by J & J. Instead, the Court will follow the approach taken by Judge Rosenblatt in a similar case and award statutory damages under only section 605 of the Act. *See Kingvision Pay-Per-View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *1 (D. Ariz. Apr. 30, 2008) ("[T]he Court, as do many other courts, takes the position that damages will only be awarded under § 605 when both statutes are applicable since § 605 provides for greater damages[.]") (citations omitted); *see also Gutierrez*, 544 F. Supp. 2d at 1184 ("While Plaintiff has set forth the elements of liability for both statutes, recovery under *both* section 553 and section 605 is improper.") (emphasis in original).

The Court concludes from its review of the record (1) that J & J is entitled to basic statutory damages in the amount of $1,000 under section 605(e)(3)(C)(i)(II), and (2) that due to Defendants' willful conduct, J & J should be awarded enhanced statutory damages in the amount of $5,000 under section 605(e)(3)(C)(ii). *See Guzman*, 2008 WL 1924988, at *3 (awarding $1,000 in basic damages); *J & J Sports Prods., Inc. v. German Rest. & Lounge, Inc.*, No. CV-06-6525(CPS)(MDG), 2008 WL 478427, at *3 (E.D.N.Y. Feb. 19, 2008) (same); *J & J Sports Prods., Inc. v. Rodrigues*, No. 05 CV 5805(RJD), 2007 WL 172462, at *6 (E.D.N.Y. Apr. 19, 2007) (same); *Time Warner Cable of N.Y. City v. Sanchez*, No. 02 Civ.5855 GBD FM, 2003 WL 21744089, at *4 (S.D.N.Y. July 8, 2003) (same); *Entm't by J & J, Inc. v. Montecinos*, No. C 01-4242 MMC, 2002 WL 1735384, at *1 (N.D. Cal. 2002) (same). The award of $5,000 in enhanced damages is greater than the $3,000 awarded in *Guzman* given the evidence that Defendants imposed a $10 cover charge and 60 or more patrons may have watched the program (Dkt. #21-3 at 2). *Cf. Guzman*, 2008 WL 1924988, at *3 (identifying factors to determine amount of enhanced damages); *see Sanchez*, 2003 WL 21744089, at *4 (awarding $5,000 in enhanced damages); *Montecinos*, 2002 WL 1735384, at *1 (same); *Garden City Boxing Club, Inc. v. Guzman*, No. 03Civ.8776(DC)(JCF), 2005 WL 1153728, at *3 (S.D.N.Y. Apr. 26, 2005) (same). The Court further concludes that an award of $100 in nominal damages is appropriate for the conversion claim. *See Guzman*, 2008 WL 1924988, at *3. J & J may file a bill of costs and a motion for attorney fees pursuant to Rule 54 of the Court's Local Rules of Civil Procedure.

**IT IS ORDERED:**

1. Plaintiff J & J Sports Production, Inc.'s motion for default judgment (Dkt. #21) is **granted** as set forth in this order.
2. Default judgment is entered in favor of Plaintiff and against Defendants Alma Rodriguez De Sanchez and El Tejano, LLC, jointly and severally, in the total sum of **$6,100.00**, plus applicable interest.
3. The Clerk is directed to **terminate** this action.

DATED this 2nd day of September, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge